```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
            Civil No. 13-3568(DSD/JJK)
```

Leparis D. Young, Maureen
O'Shaughnessy Young, as Trustees
of the Leparis D. Young
Revocable Trust; Maureen
O'Shaughnessy Young, Leparis
D. Young, As Trustees of the
Maureen O'Shaughnessy Young
Revocable Trust; John F.
O'Shaughnessy, Jr.; and
mTerra Ventures, LLC,

      Plaintiffs,

v.                                                         **ORDER**

ECTG Limited,

      Defendant.

      John Rock, Esq. and Rock Law LLC, One Financial Plaza, Suite 1100, 120 South Sixth Street, Minneapolis, MN 55402, counsel for plaintiffs.

      Gregory A. Bromen, Esq., Stanley E. Siegel, Jr., Esq. and Nilan, Johnson & Lewis PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the objection by defendant ECTG Limited (ECTG) to Magistrate Judge Jeffrey J. Keyes's April 2, 2014, order denying the motion for leave to amend the answer to add third-party claims and counterclaims. After a review of the report, and based on the file, record and proceedings herein, the court overrules the objection.

**BACKGROUND**

This loan dispute arises out of the commercial relationship between plaintiffs Leparis D. Young and Maureen O'Shaughnessy Young, as trustees of the Leparis D. Young Revocable Trust (Lee Young Trust); Maureen O'Shaughnessy Young and Leparis D. Young, as Trustees of the Maureen O'Shaughnessy Young Revocable Trust (Maureen Young Trust); mTerra Ventures, LLC; and John F. O'Shaughnessy, Jr. (collectively, plaintiffs). On June 26, 2009, plaintiffs and ECTG entered into a Bridge Loan Agreement (Agreement) providing for the sale and purchase of convertible promissory notes from ECTG to plaintiffs. Am. Compl. ¶¶ 7-8.

That same day, plaintiffs entered into four different loan agreements. See id. ¶¶ 10-13. On July 10, 2009, the Lee Young Trust and the Maureen Young Trust each made a second loan to ECTG. Id. ¶¶ 14-15. The loans were each evidenced by a note (collectively, Notes) with principal amounts ranging from $50,000 to $500,000. Id. ¶¶ 10-15; see id. Exs. 2-7.

The Notes included interest calculations, which accrued on the principal amounts and late-payment penalties. Am. Compl. ¶ 17. All Notes matured on December 27, 2010, at which time ECTG was obligated to repay the principal and interest. Id. ¶ 18. ECTG failed to make such payments, which constituted default under the Notes. Id. ¶ 19.

On December 20, 2013, plaintiffs filed an amended complaint, alleging claims for breach of contract. On March 18, 2014, ECTG moved to supplement its answer to add third-party claims and counterclaims. See ECF No. 17.[1] On April 2, 2014, the magistrate judge orally denied the motion, finding that (1) addition of third-party claims would be improper under Rule 14 and (2) addition of the proposed counterclaims would be improper under Rule 13. ECTG objects.

**DISCUSSION**

**I.   Standard of Review**

The court ordinarily reviews a magistrate judge's denial of a motion to amend under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules

---

[1] ECTG seeks to add claims against twelve non-parties and three of the four plaintiffs. ECF No. 17, Ex. 1 at 11-12. The proposed claims include breach of fiduciary duty, tortious interference, misappropriation of trade secrets, civil conspiracy and aiding and abetting breach of fiduciary duty. Id. at 23-27.

3

of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

## II. Motion for Leave to Amend

ECTG objects to the magistrate judge's (1) denial of its motion amend the answer to include third-party claims and (2) the denial of its motion to include counterclaims against three of the four existing plaintiffs. The court examines each argument.

### A. Rule 14

Under Rule 14, a defending party "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

Mattes v. ABS Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) (citations omitted). "[T]he third-party complaint must assert liability ... that is ... derivative of plaintiff[s'] claims." Adv. Lipo Dissolve Ctr., LLC v. Karkkainen, No. 4:06-CV-199, 2007 WL 844822, at *4 (E.D. Mo. Mar. 19, 2007). "A third-party complaint is thus proper where the claim is one, for example, for

indemnity, subrogation, [or] contribution." <u>Afremov v. Jarayan</u>, No. 11-313, 2012 WL 1049739, at *11 (D. Minn. Mar. 28, 2012) (alteration in original) (citation and internal quotation marks omitted).

Here, the magistrate judge denied the motion for leave to amend under Rule 14, finding that the third-party claims proposed by ECTG (1) were independent of the underlying claims and (2) did not allege a relationship giving rise to secondary liability. ECTG argues that the proposed third-party claims are dependent on the underlying claims and that it sufficiently pleaded an indemnification claim. As the magistrate judge correctly noted, however, the proposed claims are based on activities that occurred well after the alleged default on the Notes. <u>See</u> Hr'g Tr. 20:21-21:2. Moreover, the magistrate judge observed that:

> ECTG would have to show that the Proposed Third-Parties are liable to ECTG for ECTG's alleged breaches of the promissory notes. There was absolutely nothing in the papers that were submitted. In oral argument counsel relates to the fact that they have a general claim, an equitable claim for indemnity of contribution arising out of the alleged illegal spin-off of the ... business. That is simply not enough to even come close to falling into the requirements that have to be met to show that you had a true Rule 14 third-party complaint.

<u>Id.</u> at 19:14-23. The court agrees. In its proposed amended answer, ECTG summarily asserts that it seeks an award of damages and equitable relief, including indemnification by the various

5

proposed third-parties. See, e.g., ECF No. 17, Ex. 1, at ¶ 117. ECTG does not allege, however, the existence of a relationship or arrangement by which it is legally entitled to indemnification. Nor does ECTG allege that any liability of the proposed third-parties derives or arises secondarily from plaintiffs' claims. As a result, ECTG has not demonstrated that the magistrate judge committed clear error in denying the motion on Rule 14 grounds.

**B.   Rule 13**

ECTG also argues that the counterclaims are proper under Rule 13. Rule 13(a) allows for compulsory counterclaims that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim ... and do[] not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). Rule 13(b) relates to permissive counterclaims and provides that a pleading "may state as a counterclaim against an opposing party any claim that is not compulsory." Id. R. 13(b). Here, ECTG could not amend its answer to add counterclaims as a matter of course because more than 21 days had elapsed since serving the answer. See id. R. 15(a)(1)(A). As a result, ECTG requires the leave of court to add such claims, which "[t]he court should freely give ... when justice so requires." Id. R. 15(a)(2). Despite this liberality, "courts have the duty and power to manage their dockets." Penn v. Iowa State Bd. of Regents, 999 F.2d 305, 307 (8th Cir. 1993) (citation omitted).

6

The magistrate judge concluded, and the court agrees, that the proposed counterclaims do not arise out of the same transaction or occurrence as the alleged defaults on the Notes as required by Rule 13(a). As already explained, the facts pertinent to the proposed counterclaims are independent of those related to plaintiffs' claims. As a result, the court finds that ECTG has not demonstrated that the magistrate judge committed clear error in denying the motion for leave to amend under Rule 13(a).

The magistrate judge also denied the motion to amend under Rule 13(b), declining to allow ECTG to add permissive counterclaims. Specifically, the magistrate judge identified several legal and administrative complications that would result from allowing the proposed counterclaims, including substantial delay in litigation, serious questions of jurisdiction and the addition of a large number of necessary parties. See Hr'g Tr. 22:1-23. By managing the docket and schedule in this matter, the magistrate judge properly acted "to secure the just, speedy, and inexpensive determination" of the underlying claims. Fed. R. Civ. P. 1. As a result, the court finds that ECTG has not demonstrated that the magistrate judge committed clear error in denying the motion for leave to amend. Therefore, the objection to the magistrate judge's order is overruled.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's objection [ECF No. 30] to the magistrate judge's order is overruled.

Dated:  July 14, 2014

                                        <u>s/David S. Doty</u>
                                        David S. Doty, Judge
                                        United States District Court